### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| REED ELSEVIER INC.,<br>through its LEXISNEXIS Division, | : | |
| | : | Case No. 3:15-cv-256 |
| Plaintiff, | | |
| | : | Judge Thomas M. Rose |
| v. | | |
| | : | |
| LEGAL RESEARCH CENTER, INC., | | |
| | : | |
| Defendant. | | |

_____

### ENTRY AND ORDER DENYING LEGAL RESEARCH CENTER, INC.'S
### PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) (DOC. 11)

_____

This case is before the Court on Defendant Legal Research Center, Inc.'s Partial Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6) For Failure To State A Claim For Which Relief Can Be Granted ("Motion to Dismiss") (Doc. 11).   For the reasons discussed below, the Court **DENIES** the Motion to Dismiss.

### I.       BACKGROUND

As alleged in the First Amended Complaint, Plaintiff Reed Elsevier, Inc., through its LexisNexis division ("LexisNexis"), is a "leading global provider of content-enabled workflow solutions designed specifically for professionals in the legal, risk management, corporate, government, law enforcement, accounting, and academic markets.   LexisNexis collects, enhances, and provides for distribution certain licensed content, such as case law, court rules, forms, and other legal sources and documents."   (Doc. 5, ¶ 5.)

On June 20, 2013, LexisNexis entered into an agreement with Defendant Legal Research Center, Inc. ("LRC") (the "Agreement"), in which LexisNexis grants licenses to LRC to use,

reproduce, and distribute certain content. In exchange for the licenses, LRC agreed to pay license fees and to license certain tribal case law materials to LexisNexis. (*Id.* at ¶ 6.) The initial term of the Agreement is 10 years, plus a transition period. (*Id.* at ¶ 10.) LexisNexis alleges that it has met all of its obligations under the Agreement, but that LRC has not. Specifically, LexisNexis alleges that LRC failed to pay the license fees that are due and to provide the tribal case law materials that it agreed to license to LexisNexis. (*Id.* at ¶ 13, 16.)

On August 3, 2015, LRC's President allegedly communicated to LexisNexis that "LRC would not, and could not, comply with its obligations under the Data License Agreement." (*Id.* at ¶ 20.) LRC allegedly further stated, "We need out of this deal in a way where we can survive as a company. This is not a preference for us, it is a matter of survival." (*Id.*)

On July 27, 2015, LexisNexis brought this lawsuit against LRC by filing the original Complaint. (Doc. 1.) On August 12, 2015, LexisNexis filed the First Amended Complaint, which contains six claims for relief: (1) Breach of Contract - LRC's Failure to Pay, (2) Breach of Contract – LRC's Failure to Provide Data, (3) LRC's Anticipatory Breach, (4) LRC's Breach of Warranty, (5) Breach of Contract – Failure to Cooperate, and (6) Unjust Enrichment. (Doc. 5.) On September 23, 2015, LRC filed the Motion to Dismiss LexisNexis's fourth and sixth claims for breach of warranty and unjust enrichment, respectively. (Doc. 11.) On October 19, 2015, LexisNexis filed an opposition to the Motion to Dismiss, in response to which LRC filed a reply on November 2, 2015. (Docs. 12, 17.) The Motion to Dismiss is thus fully briefed and ripe for the Court's review.

The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 5, ¶ 1-2, 13.)

2

## II.    <u>STANDARD OF REVIEW</u>

LRC brings its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.   Under Fed. R. Civ. P. 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Although this pleading standard does not require "'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55; *see also Top Flight Entm't, Ltd. V. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013).   To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.    <u>ANALYSIS</u>

LRC argues that LexisNexis's breach-of-warranty and unjust enrichment claims are "implausible on their face," that LexisNexis has not alleged sufficient facts from which it can be reasonably inferred that LRC breached any warranty under the Agreement, and that LexisNexis's unjust enrichment claim is duplicative of its legal claims for breach of contract.   (Doc. 11 at 3-4.) Section 23 of the Agreement contains a choice-of-law provision stating that it "will be governed and construed in accordance with the laws of the State of New York."   (Doc. 5, ¶ 9.)   The parties

3

do not dispute that New York law governs the breach-of-warranty and unjust enrichment claims at issue on the Motion to Dismiss.

**A. <u>LexisNexis's Fourth Claim For Relief – Breach of Warranty</u>**

LexisNexis alleges that LRC breached a warranty to "perform fully" the terms of the Agreement by indicating, beginning on or about February 24, 2015, that it "cannot or will not perform fully the terms of the Data Licensing Agreement, and that LRC wants to terminate early the Data Licensing Agreement." (Doc. 5, ¶ 46.)

Section 9.1 of the Agreement contains the following warranties:

> Each party represents, warrants and covenants to the other party that it has the right and authority to enter into this Agreement, to grant the rights and licenses called for herein, to observe or perform fully the terms of this Agreement and that its entry into this Agreement does not violate any other agreement between such party and any third party.

(Doc. 20, § 9.1; *see also* Doc. 5, ¶ 45 (quoting same).)

LRC asserts that LexisNexis has not alleged a breach of this provision because "LRC's *ability* to perform fully the terms of the Data Licensing Agreement in February 2015 was not one of the specific facts LRC warranted to [LexisNexis] in July 2013." (Doc. 11 at 5 (emphasis in original).) In other words, LRC argues that, under Section 9.1, it warrantied only that it had the "right and authority . . . to observe or perform fully the terms" of the Agreement, not that it had the resources or ability to do so. (Doc. 20, § 9.1; Doc. 11 at 5.) LRC thus construes the language concerning its "right and authority" to mean that it had the *legal* right and *legal* authority to perform the Agreement.

In response, LexisNexis makes four arguments. First, LexisNexis argues that the language "right and authority" does not modify the warranty "to perform fully" the terms of the Agreement. (Doc. 12 at 3-4.) Under this construction of Section 9.1, the parties each

4

warrantied: (1) that they had the right and authority to enter into the Agreement, (2) to grant the rights and licenses called for in the Agreement, (3) to observe or perform fully the terms of the Agreement; and (4) that their entry into the Agreement did not violate any other agreement between such party and any third party. LexisNexis argues that this interpretation is confirmed by Section 9.2 of the Agreement, which requires LRC to "re-perform any services performed by it that do not meet" the Agreement's requirements and "correct all failures of any Licensed Content or Tribal Law." (Doc. 20, § 9.2.) LexisNexis appears to argue that construing Section 9.1 to include a warranty to "perform fully" the Agreement's terms is consistent with the remedies in Section 9.2 because those remedies require re-performance of services due, not merely establishing that the party has the right and authority to perform those services.

Second, LexisNexis argues that, even if the terms "right and authority" modify the warranty to "perform fully," LRC's interpretation still fails because it does not distinguish between "right" and "authority" in violation of the tenet that a contract's terms should be interpreted to avoid the inclusion of redundant or meaningless terms. (Doc. 12 at 4 (citing *Serdarevic v. Centex Homes, LLC*, 760 F.Supp.2d 322, 332-33 (S.D.N.Y. 2010)). LexisNexis would interpret "right" to refer to "having permission to do something," while "authority" would mean "something greater, such as having the 'power' and 'right to command or to act.'" (Doc. 12 at 4 (quoting Webster's Dictionary (1913)). LexisNexis argues that, in contrast to the "right" to perform, the "authority" to perform "necessarily requires having the ability to act." (*Id.*)

Third, LexisNexis argues that it would be improper to dismiss its breach of warranty claim at the motion to dismiss stage in light of the parties' dispute regarding the interpretation of the Agreement's warranty provision. (Doc. 12 at 4 (citing *Telerep, LLC v. U.S. Intl. Media, LLC*, 903 N.Y.S.2d 14 (1st Dep't 2010); *Serdarevic*, 760 F.Supp.2d at 328-29).) Finally, LexisNexis

5

argues that it has alleged sufficient factual allegations to state a claim for breach of warranty under the governing caselaw.   (Doc. 12 at 5.)

Under New York law, the definition of a warranty is "an assurance by one party to a contract of the existence of a fact upon which the other party may rely.   It is intended precisely to relieve the promisee of any duty to ascertain the fact for himself; it amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue, for obviously the promisor cannot control what is already in the past."   *CBS Inc. v. Ziff-Davis Pub. Co.*, 75 N.Y.2d 496, 503 (Ct. App. 1990) (emphasis in original omitted) (quoting *Metropolitan Coal Co. v. Howard*, 155 F.2d 780, 784 (2d Cir. 1946)).   "Once the express warranty is shown to have been relied on as part of the contract, the right to be indemnified in damages for its breach does not depend on proof that the buyer thereafter believed that the assurances of fact made in the warranty would be fulfilled." *CBS Inc.*, 75 N.Y.2d at 503.   "The right to indemnification depends only on establishing that the warranty was breached."   *Id.*

Construing the terms "right and authority" to modify "to perform fully" the terms of the Agreement is a logical construction of the provision.   A warranty is a representation of fact upon which the promisee is entitled to rely.   *CBS Inc.*, 75 N.Y.2d at 503.   Thus, it is reasonable to expect the warranty provision of an agreement to contain representations of fact, not performance obligations.   Putting aside for the moment the dispute regarding what "right and authority" means, LRC's interpretation of the provision results in four representations that certain facts are true, *i.e.*, four warranties under New York law.   Specifically, each party would warranty that (1) it has the right and authority to enter into the Agreement, (2) it has the right and authority to grant the rights and licenses called for in the Agreement, (3) it has the right and authority to observe or perform fully the terms of the Agreement, and (4) its entry into the Agreement does not violate any

6

other agreement between such party and any third party.

LexisNexis's preferred interpretation of this provision results in a combination of factual representations and performance obligations. Since a warranty, by definition, is not a performance obligation, LexisNexis's interpretation is not persuasive. Such an interpretation would also result in the kind of redundancy that both parties argue should be avoided, as a "warranty" to perform all the Agreement's terms would be duplicative of every performance obligation stated elsewhere in the Agreement. *See, e.g., Givati v. Air Techniques, Inc.*, 960 N.Y.S.2d 196, 198 (2d Dep't 2013)("[A] court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous.").

The parties also dispute the meaning of the terms "right and authority." LRC takes the position that "right and authority" refers to the parties' legal standing to enter into and perform the Agreement. (Doc. 17 at 4.) LexisNexis argues that "right" and "authority" must be construed separately—"right" referring to "permission" to perform an act, and "authority" referring to the "power" to perform an act. LexisNexis further argues that "authority" denotes both the authority (in the legal sense) and the ability (in terms of financial and other resources) to perform the Agreement. (Doc. 12 at 4.)

Interpreting "authority" to include the parties' wherewithal to perform the Agreement seems a bit of a stretch, given that there are simpler ways to state such a warranty and that the term "authority" appears to be most commonly used to denote *legal* authority under New York caselaw. *See, e.g., Jesmer v. Retail Magic, Inc.*, 863 N.Y.S.2d 737, 741 (2d Dep't 2008) (discussing whether evidence supported inference that party had apparent authority to act as legal agent for another); *Sisler v. Sec. Pac. Bus. Credit, Inc.*, 614 N.Y.S.2d 985, 988 (1st Dep't 1994) (discussing allegation that trustee made fraudulent representation as to a trust's legal authority to assign

7

proceeds from the condemnation of real estate); *Moore v. Maddock*, 231 N.Y.S. 291, 297 (App. Div. 1928) aff'd, 251 N.Y. 420 (1929) (discussing accrual of claim that corporate president misrepresented his legal authority to enter contract on behalf of corporation).   In any event, the Court need not decide this issue now because, even accepting LRC's interpretation of "right and authority," it is not entitled to dismissal of LexisNexis's breach of warranty claim.

LexisNexis alleges that LRC stopped making payments due under the Agreement and ceased providing tribal case law materials that it agreed to license to LexisNexis.  (Doc. 5, ¶ 15-17.)  LexisNexis further alleges that it was told by LRC's president that LRC "would not, or could not, comply with its obligations" and that getting "out of this deal" was a "matter of survival."   (*Id.* at ¶ 20.)   In its Motion to Dismiss, LRC asserts that it had the right and authority to enter into the Agreement and still maintains the right and authority to perform its obligations. (Doc. 11 at 5.)   LRC's assertions are not part of the First Amended Complaint, however, and the precise reasons why LRC is unable to perform are not alleged.   Even accepting LRC's interpretation of Section 9.1, it warrantied that it had the right and authority to perform fully the terms of the Agreement.   LexisNexis alleges that LRC has not fully performed those terms, and the explanation that LRC allegedly provided is ambiguous.   It is nonetheless plausible on the facts alleged that LRC breached its obligations under the Agreement because it lacked the legal right and authority to perform at the time it entered into the Agreement.   While the failure to make payments is more likely to be a financial resources problem, the failure to provide the tribal case law materials reasonably supports an inference that LRC might have issues relating to its right to access and provide those materials.

In sum, there are additional facts that the parties will need to establish through discovery to sort out the extent of LRC's liability, if any, for its alleged failure to perform under the Agreement.

8

At this time, LexisNexis has alleged sufficient facts to state a plausible claim for breach of warranty under New York law.

**B.  LexisNexis's Sixth Claim For Relief – Unjust Enrichment**

LRC moves to dismiss LexisNexis's unjust enrichment claim as duplicative of its claim for breach of contract.  (Doc. 11 at 5-7.)  LexisNexis counters that its unjust enrichment claim should be allowed to proceed because it is pled in the alternative, and the parties have not yet established whether or not there is a disagreement concerning the enforceability of the Agreement.  (Doc. 12 at 5-7 (citing, *inter alia*, *Sabre Intl. Sec., Ltd. v. Vulcan Capital Mgt., Inc.*, 95 A.D. 3d 434, 438 (1st Dep't 2012); *Goldman v. Simon Prop. Grp.*, 869 N.Y.S.2d 125 (2nd Dep't 2008)).)  While LexisNexis may not recover on both claims for the same alleged conduct, the Court agrees that it is entitled to plead the two claims in the alternative at this stage of the case.  *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 CIV. 4770 (SAS), 2003 WL 1858153, at *7 (S.D.N.Y. Apr. 10, 2003) ("The fact that [plaintiff] may only recover on one claim, either contract or quasi-contract, certainly does not preclude him from pleading unjust enrichment in the alternative.");  *ARB Upstate Commc'ns LLC v. R.J. Reuter, L.L.C.*, 93 A.D.3d 929, 934, 940 N.Y.S.2d 679, 686 (2012) (At "pre-answer stage of the action," plaintiffs may proceed on theories of unjust enrichment and breach of contract.)

**IV.  CONCLUSION**

For the reasons stated above, the Court **DENIES** LRC's Motion to Dismiss (Doc. 11).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, January 27, 2016.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE