IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| REED ELSEVIER INC., through its LEXISNEXIS division, | : | CASE NO. 3:15-cv-00256 |
| | : | Judge Thomas M. Rose<br>Magistrate Judge Michael R. Merz |
| Plaintiff, | : | |
| v. | : | |
| LEGAL RESEARCH CENTER, INC., | : | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| | : | |
| Defendant. | : | |

WHEREAS, Plaintiff Reed Elsevier Inc., through its LexisNexis Division ("LexisNexis"), and Defendant Legal Research Center, Inc. ("LRC") (individually, the "Party," and collectively, the "Parties") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between LexisNexis and LRC ("this Action"), the Parties may be required to disclose trade secrets and other confidential and proprietary information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS the Parties, through Counsel, have stipulated to this Stipulated Protective Order and Confidentiality Agreement ("Protective Order") pursuant to Rule 26(c) to prevent disclosure of such trade secrets and confidential and proprietary information; and

WHEREAS the Parties agree that this Protective Order shall be effective and binding throughout all proceedings relating to this Action, and shall apply to all discovery in this Action, including discovery of non-parties, who shall be entitled to designate documents or testimony in accordance with this Protective Order.

IT IS HEREBY ORDERED AS FOLLOWS:

1. All information that has been provided by the Parties in the course of this Action or will be produced by the Parties in the course of this Action shall be used solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

2. This Protective Order creates two (2) categories of confidentiality. A Party or Parties who are producing, using or disclosing ("Producing Party") information or documents (as defined by Fed. R. Civ. P. 34(a)) or any summaries or compilations derived therefrom, including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of format ("Discovery Material") may designate the Discovery Material produced, used or disclosed in connection with this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to the protections and requirements of this Protective Order, if so designated in writing to the other Parties, or orally if recorded as part of a deposition, pursuant to the terms of this Protective Order.

    A. Discovery Materials that may be designated as "CONFIDENTIAL" are those Discovery Materials which the Producing Party in good faith believes contain confidential business information, including trade secrets or commercial or financial information which may be entitled to confidential treatment. The scope of discovery will also encompass the production of documents, materials or oral testimony which may contain certain proprietary, confidential, or sensitive information

    that is legally protected and that should not be generally available to the public.  Any such Discovery Materials disclosed or produced herein shall be deemed "CONFIDENTIAL" as among the Parties.

B. The Parties acknowledge that there may be Discovery Materials for which a higher level of protection is required; such Discovery Materials may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  This designation must be made in good faith and should be used only for Discovery Materials constituting sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and that the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures.  The "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation may include, but is not limited to, financial information, customer lists, personnel information, product plans and technical information pertaining to products or their operation, design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, and similar information provided that the information meets the foregoing requirements.

      3.      Any Discovery Material designated as "CONFIDENTIAL" shall be maintained as confidential, not to be disclosed, and shall be used by the Party or Parties receiving such Discovery Material ("Receiving Party") solely in connection with this Action and shall not be disclosed to anyone other than:

    A.    The Court, including court personnel, any court exercising appellate jurisdiction over this Action, and stenographers transcribing a deposition;

    B.    Employees for a Receiving Party to whom it is necessary that the material be shown for purposes of this Action and who have signed a Declaration in the form of Exhibit A attached;

    C.    Outside counsel of record who are signatories to this Protective Order for a Receiving Party and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this Action;

    D.    Independent experts, consultants, investigators, or advisors of a Receiving Party, who are qualified by knowledge, skill, experience, training or education, and retained by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A attached;

    E.  Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors, and jury consultants who are engaged to assist in the preparation or trial of this Action and to whom it is necessary that the material be shown for purposes of this Action, and who have signed a Declaration in the form of Exhibit A attached; and

    F.  Potential witnesses to the extent the Discovery Material was authored by or addressed to the person or such person is established as knowledgeable of such information or contents of the Discovery Material prior to disclosing the Discovery Material.

  4.  Any Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be maintained as confidential, not to be disclosed, and shall be used by the Party or Parties receiving such Discovery Material ("Receiving Party") solely in connection with this Action and shall not be disclosed to anyone other than:

    A.  The Court, including court personnel, any court exercising appellate jurisdiction over this Action, and stenographers transcribing a deposition;

    B.  Outside counsel of record who are signatories to this Protective Order for a Receiving Party and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this Action;

      C.      Independent experts, consultants, investigators, or advisors of a Receiving Party, who are qualified by knowledge, skill, experience, training or education and retained by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A attached;

      D.      Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors, and jury consultants who are engaged to assist in the preparation or trial of this Action and to whom it is necessary that the material be shown for purposes of this Action, and who have signed a Declaration in the form of Exhibit A attached; and

      E.      Potential witnesses to the extent the Discovery Material was authored by or addressed to the person or such person is established as knowledgeable of such information or contents of the Discovery Material prior to disclosing the Discovery Material.

5.      In the case of a document or thing, a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be accomplished by marking every page of the document or conspicuously marking the thing with the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in a manner that shall not interfere with the legibility of the information contained in the Discovery Material.

6. As set forth in this paragraph and its subparts, information conveyed or discussed in testimony at a deposition shall be subject to this Protective Order, provided that it is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally or in writing either at the time of the deposition or after receipt by the parties of the transcript.

    A.    For such time as any Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed in a deposition, the Party whose information or document is to be disclosed shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

    B.    In the event that a party believes that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information will be disclosed during a deposition, counsel for the Party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    C.    If not orally designated during a deposition, a Party shall have twenty-one (21) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the

transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate.  If, within such twenty-one (21) days, no Party designates portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," all Parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality except as otherwise required by this Order.

7.     In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," whichever is appropriate, and the portion of the report reflecting such information shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," whichever is appropriate, and access to the portion so designated shall be limited pursuant to the terms of this Protective Order.  The Party retaining the expert shall be responsible for the initial stamping of such report.

8.     In the event that any Party wishes to submit to the Court any documents, materials or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," under this Protective Order, such Party shall move the Court to permit leave to file such material under seal, as well as follow those procedures identified in S.D. Ohio Civ. R. 79.3.  Nothing in this subsection shall be construed to permit the Parties to decide what is filed under seal, as that is within the sole province of the Court.  Upon the appropriate

order of the Court, all documents that are to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this Lawsuit, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or substantially similar language, and a statement substantially in the following form:

> This envelope, containing documents which are filed in this case by _____ ("the producing party") is not to be opened and the contents are not to be displayed or revealed except by prior order of this Court in accordance with Southern District of Ohio Local Civil Rule 79.3.

9. Nothing in this Protective Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," Discovery Material at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," Discovery Material at trial or any other court proceeding shall be addressed by this Court at the appropriate time. Counsel for the Parties agree to confer in good faith about procedures for handling Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," during trial or any hearing in open Court of this action, including the possibility of an additional order.

10. Nothing shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," if it is information that:

    A. is in the public domain at the time of disclosure;

    B. becomes part of the public domain through no action or fault of the other Parties, the Receiving Party, or counsel, or any expert, or

9

        other person to whom disclosure is permitted pursuant to this Protective Order;

    C.     was in the rightful and lawful possession of the Receiving Party at the time of disclosure on a non-confidential basis from a source other than the Producing Party, provided that such source is not bound by a confidentiality agreement with the Producing Party; or

    D.     is lawfully received by the Receiving Party at a later date from a Party without restriction as to disclosure, provided such Party has the right to make the disclosure to the Receiving Party.

11.     The failure of a producing party to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," in accordance with this Protective Order, and the failure of a Receiving Party to object to such a designation, shall not preclude the Party at a later time from subsequently designating or objecting to the designation of such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The Parties understand and acknowledge that a Producing Party's failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," at or within the time specified in this Protective Order, relieves the other Parties of any obligation of confidentiality until the designation is actually made.

12.     Unless otherwise permitted, within ninety (90) days after the conclusion of this lawsuit, including all appeals, all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," all copies of documents

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all excerpts there from in the possession, custody or control of the Receiving Parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Producing Party.  However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone.  Upon request, a Party and its counsel shall separately provide written certification to the Producing Party that the actions required by this paragraph have been completed.

        13.     Notwithstanding anything in this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not prohibit the disclosure by any party of any Discovery Material required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a Party is required to disclose the Discovery Material designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the Party shall give reasonable advance written notice of any such requested disclosure to the counsel of the other Party or Parties to afford the original producing party the opportunity to seek legal protection from the disclosure of such Discovery Material.

        14.     This Protective Order shall not bar any attorney representing a Party to this Action, in the course of rendering advice to his or her client with respect to this Action, from conveying to that client in this Action his or her evaluation in a general way of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, provided, however, that, in rendering such advice and discussing such evaluation, the attorney shall not disclose the specific contents of any "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," information, produced by another Party, which disclosure would be contrary to the terms of this Protective Order.

        15.     This Protective Order shall be without prejudice to the right of any Party:

            A.     to have determined by motion, at any time, whether any Discovery Material has been improperly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," in which event, the Party asserting confidentiality shall have the burden of establishing the confidentiality of the Discovery Material; and

            B.     to apply to the Court for relief from any of the requirements of this Protective Order, for good cause.

Prior to filing any motion under Paragraph 15.A, the Party challenging the propriety of a designation must first notify the Producing Party in writing of the specific documents that it believes are improperly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must specify the bases for why the Party believes such a designation is improper. Within seven (7) days after receiving such notification, the Producing Party shall provide the other Party with a written response that, for each challenged document, provides an explanation for why the designation is proper, or states that the designation will be removed or that the document will be re-designated. Following the response from the Producing Party, the Parties must confer in good faith regarding any dispute as to the propriety of a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

16. In the event that any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the party who disclosed the Discovery Material ("Disclosing Party") shall use its best efforts to bind such person to the terms of this Protective Order; and the Disclosing Party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the party or nonparty that designated the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"; and (c) request such person to sign a Declaration in the form of Exhibit A. The executed Declaration shall be promptly served upon the party or nonparty designating the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

17. The production or disclosure of any document (including but not limited to email or other electronic documents) or thing otherwise protected by the attorney-client privilege or work-product protection (as defined by Fed. R. Evid. 502(g)) ("Disclosed Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information or its subject matter. The Producing Party may assert, in writing, the attorney-client privilege or work product protection with respect to the Disclosed Protected Information. The Receiving Party shall, within five (5) days of receipt of that writing, return or destroy the Disclosed Protected Information and any and all copies thereof or references thereto and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

A. If the Receiving Party disputes and wishes to contest that any such Disclosed Protected Information is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the Disclosed Protected Information (and all copies) are returned to the Producing Party.

B. Within seven (7) days after receiving such notification, the Producing Party shall provide to the Receiving Parties a list identifying in detail all such returned Disclosed Protected Information and stating the basis for the claim of privilege or immunity.

C. Within seven (7) days of receiving such a list, the Receiving Party or Parties may file a motion to compel production of such Disclosed Protected Information, the protection of which is still disputed (a "Privilege Motion").  If a Privilege Motion is filed, the Producing Party shall have the burden of proving that the Disclosed Protected Information in dispute is protected by the attorney-client privilege or by work-product immunity.  The parties filing the Privilege Motion shall seek leave of Court to file the Privilege Motion under seal and shall not assert as a ground for compelling production the fact or circumstances of the production.

        D.        With respect to Disclosed Protected Information subsequently generated by a Receiving Party, which derivative Disclosed Protected Information contains information derived from such produced Disclosed Protected Information, if the Receiving Party does not obtain an order compelling production pursuant to a timely filed Privilege Motion, the Receiving Party shall, within five (5) days after learning of the denial of the Privilege Motion, either destroy the derivative Disclosed Protected Information or redact from them all such derivative privileged or work-product information in a manner such that the derivative privileged or work-product information cannot in any way be retrieved, inferred or reproduced.

        E.        Nothing in this paragraph shall limit a Party's ability to assert to the Court that a disclosing party's affirmative use of Disclosed Protected Information in this Action in fairness requires disclosure of privileged or work product protected information pursuant to Fed. R. Evid. 106 or 502(a).

18.     The attorneys of record for the respective Receiving Parties shall retain the original, executed Declarations (in the form of Exhibit A attached) that have been executed by that Party and any person to whom Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," pursuant to this Protective Order.

19. If discovery is sought of a person or entity not a party to this Action ("Third Party") requiring disclosure of such Third Party's information that may properly be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Third Party may designate such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and it will be accorded the same protection as the Parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

20. All references to "days" in this Protective Order shall be construed as calendar days unless specifically identified as otherwise.  If the last day of the period falls on a Saturday, Sunday or legal holiday, then the due date is the next business day.

21. This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the Parties, collectively shall be deemed to be the original.

22. The Parties agree to abide by and be bound by the terms of this Protective Order upon signature as if the Protective Order had been entered on that date.

23. Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to all counsel of record for the Party to whom notice is required to be given.

24. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and

any party may apply to the Court at any time for an amendment, modification, or addition to this Protective Order. This Protective Order shall survive the final disposition of this lawsuit, by judgment, dismissal, settlement, or otherwise.

       25. The Parties may, by stipulation, provide for exceptions to this Protective Order and any Party may seek an order of this Court modifying this Protective Order.

SO ORDERED this 19th day of April, 2016.

\*s/Thomas M. Rose

_____
UNITED STATES DISTRICT JUDGE

THIS PROTECTIVE ORDER IS
STIPULATED AND AGREED BY:


s/ Erin E. Rhinehart
Erin E. Rhinehart (0078298)
      Trial Attorney
Stephen A. Weigand (0083573)
FARUKI IRELAND & COX P.L.L.
110 North Main Street, Suite 1600
Dayton, OH  45402
Telephone:  (937) 227-3714
Telecopier:  (937) 227-3717
Email: erhinehart@ficlaw.com
      sweigand@ficlaw.com


Attorneys for Plaintiff Reed Elsevier, Inc.,
through its LexisNexis Division

s/ Benjamin C. Johnson
Vincent James Lodico (0034499)
CRABBE BROWN & JAMES
500 S. Front Street
Suite 1200
Columbus, OH 43215
Telephone: (614) 228-5511
Telecopier: (614) 229-4559
Email: dhurley@cbjlawyers.com
      vlodico@cbjlawyers.com

John C. Levy (pro hac vice)
Stanley E. Seigel (pro hac vice)
Benjamin C. Johnson (pro hac vice)
NILAN JOHNSON LEWIS PA
120 South 6th Street
Suite 400
Minneapolis, MN 55402
Telephone: (612) 305-7718
Telecopier: (612) 305-7501
Email: jlevy@nilanjohnson.com
      ssiegel@nilanjohnson.com

Attorneys for Legal Research Center, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| REED ELSEVIER INC., through its LEXISNEXIS division, | : | CASE NO. 3:15-cv-00256 |
| | : | Judge Thomas M. Rose<br>Magistrate Judge Michael R. Merz |
| Plaintiff, | : | |
| v. | : | **EXHIBIT A TO STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| LEGAL RESEARCH CENTER, INC., | : | |
| | : | |
| Defendant. | : | |

_____, declares and undertakes as follows:

My address is _____

_____

My present employer is _____

_____

My present occupation or job description is _____

_____

I have received and read a copy of the Stipulated Protective Order and Confidentiality Agreement entered by this Court in the lawsuit identified in the above caption (the "Protective Order"). I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of the Protective Order and by such other orders as may be made by the Court. In particular, I agree to hold in confidence, in accordance with the

requirements of the Protective Order, any information and material disclosed to me pursuant to the Protective Order and, unless permitted by further order of the Court, not to communicate the contents of such information and material to any person other than a person permitted access pursuant to the terms of the Protective Order.

To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____    SIGNATURE:_____